**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling**

**FREDERICK R. STAUDENMAIER,**

Plaintiff,

v.                                        **CIVIL ACTION NO. 5:19-CV-243**
                                          Judge Bailey

**ANDREW SAUL,** Commissioner of
Social Security,

Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before this Court for consideration of the Report and Recommendation of the United States Magistrate Judge Michael John Aloi [Doc. 23].  Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation ("R&R").  Magistrate Judge Aloi filed his R&R on November 24, 2020, wherein he recommends that the defendant's Motion for Summary Judgement [Doc. 20] be granted and that this matter be dismissed with prejudice.  Plaintiff filed objections to the R&R [Doc. 24] and defendant filed a response to those objections [Doc. 25].

## BACKGROUND

This Court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).  As part of its review, it incorporates by reference Magistrate Judge Aloi's thorough recitation of the facts surrounding Staudenmaier's disability insurance benefits ("DIB") and supplemental security income ("SSI") claims.  In summary, plaintiff's

1

medical history includes a variety of alleged disabilities, including back injury/slight bulging discs, arthritis, diabetes, depression, anxiety, high blood pressure, and high cholesterol.

On February 21, 2017, the plaintiff filed an application under Title II for a Period of Disability and DIB and under Title XVI for SSI, alleging disability that began on November 10, 2014.  [Doc. 13-2 at 22].  The claim was initially denied on July 17, 2017, [Doc. 13-4 at 2] and again upon reconsideration on September 14, 2017 [Doc. 13-4 at 18].  Plaintiff filed a written request for hearing by an Administrative Law Judge ("ALJ") [Doc. 13-4 at 17] and appeared and testified at a hearing on August 17, 2018, in front of ALJ Karen Robinson [Doc. 13-2 at 45–69].

On September 24, 2018, the ALJ entered a decision finding that the plaintiff is not disabled.  [Doc. 13-2 at 37].  In accordance with the five-step evaluation process described in 20 C.F.R. § 404.1520, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2019.

2. The claimant has not engaged in substantial gainful activity since November 10, 2014, the alleged onset date (20 CFR 404.1571 *et seq*., and 416.971 *et seq*.).

3. The claimant has the following severe impairments: lumbar degenerative disc disease, facet arthritis, stenosis, and congenital narrowing; chronic lumbar strain; cervical strain, arthralgia; left knee degenerative joint disease; bilateral ankle valgus deformity; diabetes, hyperlipidemia, hypertension, obstructive sleep apnea, chronic pain syndrome, obesity, specific learning disorder with impairment in written expression and mathematics; depressive

2

disorder, anxiety disorder, panic disorder with agoraphobia and panic attacks, and post-traumatic stress disorder (20 CFR 404.1520(c) and 416.920(c).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except occasional push/pull and operate foot controls with the bilateral lower extremities; occasionally reach overhead; frequently handle and finger; occasionally climb ramps and stairs; never climb ladders/ropes/scaffolds; occasionally balance and stoop; never kneel, crouch, and crawl; occasional concentrated exposure to extreme heat/cold, wetness, humidity, vibration, fumes/odors/dusts/gases/poor ventilation; and no exposure to work place hazards. Further, he can perform low-stress, unskilled work involving simple instructions, simple tasks, and simple decisions; cannot perform work at a production-rate pace involving conveyor belts or assembly lines; no work in large crowds or requiring interaction with the general public; and can adapt to occasional changes in work setting and work tasks.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965)

7. The claimant was born on November 24, 1980 and was 33 years old, which is defined as a younger individual age 18–49, on the alleged disability onset

3

date (20 CFR 404.1563 and 416.963)

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2)

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569, 404.1569a, 416.969, and 416.969a).

11. The claimant has not been under a disability, as defined in the Social Security Act, from November 10, 2014, through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).

[Doc. 13-2 at 24–36].

On April 30, 2019, the Appeals Council denied plaintiff's request for review, which made the ALJ's decision the final decision of the Commissioner of Social Security. [Doc. 13-2 at 9]. On August 15, 2019, plaintiff filed the instant action, seeking judicial review of the Commissioner's decision under 42 U.S.C. § 405(g). [Doc. 1]. Pursuant to this Court's Local Rules, this matter was referred to Magistrate Judge Michael John Aloi, who ordered the plaintiff to submit a brief setting forth all errors which plaintiff contends entitle him to relief. [Doc. 14]. In his brief, plaintiff submitted four errors:

4

1.  The ALJ erred in evaluating whether Listing 12.06 was met or equaled;

2.  The ALJ erred in failing to incorporate moderate limitations in concentration, persistence or pace into the hypothetical and RFC and Social Deficits;

3. The ALJ erred in weighing opinion evidence; and

4. The ALJ's subjective symptom analysis is not supported by the record.

*See* [Doc. 18].  On February 5, 2020, the defendant filed a motion for summary judgment in which he argued that on each of the above points, the ALJ's findings were supported by substantial evidence.  *See* [Doc. 20].

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.  ***Thomas v. Arn***, 474 U.S. 140, 150 (1985).  In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984).

An ALJ's findings will be upheld if supported by substantial evidence.  *See **Milburn Colliery Co. v. Hicks***, 138 F.3d 524, 528 (4th Cir. 1998).  Substantial evidence is that which a "reasonable mind might accept as adequate to support a conclusion."  ***Hays v.***

5

*Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).  Further, the "possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence."  *Sec'y of Labor v. Mutual Mining, Inc.*, 80 F.3d 110, 113 (4th Cir. 1996) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1996)).  In determining whether substantial evidence supports the ALJ's findings, the reviewing court should not "reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ."  *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005).  "[T]he fact that evidence exists that contradicts the ALJ's ultimate finding is not fatal if 'evidence that a reasonable mind might accept as adequate to support a conclusion' exists to support the ultimate finding."  *Ashcraft v. Berryhill*, 2017 WL 4354889, at *9 (N.D. W.Va. 2017) (Bailey, J.) (quoting *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990)).

The issue is not whether a claimant is disabled, but whether the ALJ's finding of disabled or not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law.  *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (citing *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)); *see also Ashcraft*, 2017 WL 4354889, at *5 ("An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.").

## DISCUSSION

In the R&R, Magistrate Judge Aloi recommends that the Defendant's Motion for Summary Judgment be granted and that this matter be dismissed with prejudice.  The magistrate judge examined the ALJ's decision, and for each of the plaintiff's asserted

6

errors, the magistrate judge concluded that the ALJ did not err and that the ALJ's findings were supported by substantial evidence. Accordingly, Magistrate Judge Aloi recommended that the motion for summary judgment be granted and that this case be dismissed with prejudice.

On December 9, 2020, plaintiff filed objections to the R&R. [Doc. 24]. Therein, plaintiff raised five objections: first, to the finding that the ALJ did not err in determining whether listing 12.06 was satisfied; second, that "the Magistrate Judge's finding regarding error related to the RFC was incorrect;" third, that the assessment of Dr. Thomas' opinion is inconsistent with the § 1527 factors; fourth, that the magistrate judge erred in affording more weight to the DDS reviews; and, fifth, that the magistrate judge erred in relying on the ALJ's assessment of subjective symptoms. *See* [Doc. 24].

Defendant filed a response to the objections in which defendant argues that "[p]laintiff's objections raise issues previously brought in [p]laintiff's initial brief." [Doc. 25 at 1]. As stated by defendant,

> By taking this approach, [p]laintiff argues that the Magistrate Judge erred in not accepting the arguments in [p]laintiff's initial brief. However, a "mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for purposes of district court review." ***Nichols v. Colvin***, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).

[Doc. 25 at 1]. Several of the objections consist largely of simply asserting that the Magistrate Judge erred in his finding that the ALJ did not err. However, the mere fact that plaintiff argued an issue to the magistrate judge does not preclude plaintiff from objecting

to the magistrate judge's finding.  *See* ***Howard v. Saul***, 408 F. Supp. 3d 721, 726–27 (D.S.C. 2019) ("The mere fact that [plaintiff] argued this issue to the Magistrate Judge, who rejected it, does not mean that he is precluded from objecting to her finding on that issue. Such a procedural rule would have the confusing effect of encouraging parties not to argue disputed points of law in front of the Magistrate Judge.").  While there is a great deal of overlap between plaintiff's arguments to the magistrate judge and his objections to the R&R, the Court finds that they are not "a mere restatement of the arguments raised in the summary judgment findings" and the Court will address the specific objections in turn.

### 1. The Magistrate Judge Correctly Analyzed the Requirements of the 12.06 Listing.

The first objection plaintiff raises is to reassert his argument that the ALJ erred in considering the 12.06 listing.  [Doc. 24 at 1–5].  The majority of this "objection" raises the very problem defendant highlights by citing to ***Nichols***: plaintiff is essentially objecting that the Magistrate Judge erred in not accepting his earlier argument.  To the extent that plaintiff re-asserts his argument that there was evidence supporting a finding that 12.06(B) had been met, which he contends the ALJ did not properly address, the Court finds that the magistrate judge clearly articulated the basis for finding that the ALJ's decision was supported by substantial evidence, and this Court adopts the magistrate judge's reasoning. Further, plaintiff's argument in this objection is essentially that there was evidence which supported his position rather than the one reached by the ALJ; but as stated above, the standard at this point is whether the ALJ's decision was supported by substantial evidence, not whether every piece of evidence supports the ALJ's findings.  Next, the Court moves

8

on to the plaintiffs assertion that the magistrate judge erred in his interpretation of the requirements of § 12.06(B) and (C).

Listing 12.06 sets forth the criteria for a qualifying anxiety disorder.  Under 20 C.F.R. § Pt. 404, Subpt. P, App. 1, the record supports a finding of a qualifying anxiety disorder if the criteria of A and B, or B and C are satisfied.  In other words, the A criteria must be satisfied, and either the B criteria or the C criteria must be satisfied. 12.06(B) lists four areas of mental functioning; to satisfy B, there must be an extreme limitation of one of those areas or a marked limitation of two.  Id.  12.06(C), on the other hand, lists two criteria; there must be evidence of <u>both</u> to satisfy C.  Id.

In finding that the ALJ did not err in her finding that the C criteria was not satisfied, the magistrate judge pointed out that the ALJ found that neither prong of 12.06(C) was satisfied; accordingly, even if the ALJ erred in her application of 12.06(C)(1), 12.06(C)(2), evidence of "[m]arginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life," would remain unsatisfied.  [Doc. 23 at 22–23].  The ALJ found that plaintiff's limitation in this area did not rise to the level to be considered "minimal capacity;" therefore, the magistrate judge concluded that the ALJ did not err in finding that 12.06(C) was not satisfied.  [Id. at 23].  In his objection, plaintiff contends that

This is because according to the Magistrate Judge, the ALJ found only moderate limitations in adapting and managing himself under 12.06(B)(4). (Dkt#23 at 22–23).  The Magistrate Judge is relying on the "B" criteria definition of adaptive functioning to rule out satisfaction of this part of the Listing.

9

[Doc. 24 at 3].  The "B" criteria to which plaintiff refers is 12.06(B)(4) "Adapt or manage oneself."  The ALJ considered whether the C criteria were satisfied and in finding that they were not, referred back to her analysis of 12.06(B)(4): "As discussed above, the claimant has no more than moderate limitations in adapting or managing himself." [Doc. 13-2 at 28].  The ALJ clearly evaluated the 12.06(C) criteria; the fact that she referenced her analysis of the 12.06(B) criteria, in analyzing elements with significant overlap, does not mean that either the ALJ or the magistrate judge misapplied the requirements of these two sections. The objection is overruled.

### 2. The ALJ Sufficiently Addressed Conflicting Evidence in Reaching Her Determination of Residual Functional Capacity.

Next, the plaintiff objects the magistrate judge finding no error relating to the ALJ's analysis of Residual Functional Capacity ("RFC").  The plaintiff argues that the ALJ failed to adequately explain her findings both in regards to work place tolerances for being off task or absent or as to social functioning.  The magistrate judge found that "the ALJ took into consideration the [p]laintiff's moderate limitations, incorporated those limitations into the RFC assessment, and explained why she did so, thus conforming to the rule set by *Mascio* [*v. Colvin*, 780 F.3d 632 (4th Cir. 2015)."  This Court agrees and finds that the ALJ's assessment was supported by substantial evidence and that the ALJ explained how she arrived at her findings.  Plaintiff contends that the ALJ "failed to even confront contrary evidence." [Doc. 24 at 6].  An ALJ is required to consider all of the relevant medical evidence submitted by a claimant.  20 C.F.R. § 416.920.  However, an ALJ is "not obligated to comment on every piece of evidence presented."  *Pumphrey v. Comm'r of Soc. Sec.*, 2015 WL 3868354, at *3 (N.D. W.Va. 2015) (Groh, C.J.); *Reid v. Comm'r of Soc. Sec.*,

10

769 F.3d 861, 865 (4th Cir. 2014).  Instead, an ALJ's decision need only "contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating [his or her] determination and the reason or reasons upon which it is based." *Id*.  In other words, an ALJ need only "provide a minimal level of analysis that enables [a] reviewing court[] to track the ALJ's reasoning." ***McIntire v. Colvin***, 2015 WL 401007 (N.D. W.Va. 2015) (Groh, J.).  Therefore, if an ALJ states that the "whole record was considered, . . . absent evidence to the contrary, we take her at her word." ***Reid***, 769 F.3d at 865.  Here, the ALJ explained how she arrived at her decision, and that decision was based on substantial evidence.  Accordingly, this objection is overruled

### 3. The ALJ Did Not Err in Weighing Dr. Thomas' Opinion.

Next, Staudenmaier objects that "The Magistrate Judge's Assessment of Dr. Thomas' Opinion is Inconsistent with the § 1527 Factors." [Doc. 24 at 6].  The factors plaintiff refers to are the factors set forth on how the ALJ is to consider medical opinions, set forth in 20 C.F.R. § 404.1527(c).  Plaintiff contends in his objections that "it is clear from the ALJ's decision, that she chose not to weigh the regulatory factors or provide any articulation of the factors as required by 20 C.F.R. § 404.1527(b)." [Doc. 24 at 7].  The magistrate judge found "that the ALJ did provide an adequate explanation for according Dr. Thomas' opinion little weight," and that there was "persuasive evidence contradicting Dr. Thomas' findings." [Doc. 23 at 29–30].  An ALJ's determination as to the weight to be assigned to a medical opinion "generally will not be disturbed absent some indication that the ALJ has dredged up 'specious inconsistencies,' or has failed to give a sufficient reason for the weight afforded a particular opinion." ***Dunn v. Colvin***, 607 F. App'x 264, 267 (4th

Cir. 2015) (unpublished) (internal citations omitted).  Upon review, this Court agrees with the Magistrate Judge that the ALJ did not err in according Dr. Thomas' medical opinion little weight.  Under 20 C.F.R. § 404.1527(c)(2)(4), one of the factors listed is "Consistency.  Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."  The ALJ found that Dr. Thomas' opinion was inconsistent with the findings of the mental status examinations, and therefore gave Dr. Thomas' opinion little weight. [Doc. 13-2 at 34].  The Court does not find that the ALJ failed to weigh the factors set forth in 20 C.F.R. § 404.1527(c), and, accordingly, this objection is overruled.

### 4. The ALJ Did Not Err in Affording Weight to the DDS Reviews.

Next, plaintiff objects that "The Magistrate Judge Was Wrong to Afford More Weight to the DDS Reviews."  [Doc. 24 at 7].  Here, plaintiff is again just re-asserting his prior argument that these opinions should not have been afforded great weight because it did not include evidence of plaintiff's regular panic attacks and inability to leave the house. [Id.].  The magistrate judge specifically addressed this point: "[a]s for ongoing panic attacks, the ALJ made a finding that the record did not support frequent panic attacks.  The ALJ did not make an error in affording Dr. Roman's opinion great weight."  [Doc. 23 at 31].

Further, insofar as plaintiff again argues that Dr. Reddy's opinion should not have been afforded great weight because he was allegedly not provided with relevant evidence, the magistrate judge found, and this Court agrees, that if there was any error made by the ALJ on this point, the plaintiff has failed to show any harm that resulted from the alleged error.  The evidence *was* provided to the ALJ, who considered it as part of the record; the

ALJ did not err in affording great weight to Dr. Reddy's opinion.  Accordingly, this objection is overruled.

### 5. The ALJ's Analysis of Subjective Symptoms Was Supported by Substantial Evidence.

Finally, Staudenmaier objects that the magistrate judge erred in relying on the ALJ's evaluation of subjective symptoms.  [Doc. 24 at 8–9].  Under 20 C.F.R. § 404.1529(c), once there is a medically determinable impairment shown, the ALJ considers both objective medical evidence as well as other evidence from non-medical sources.  Here, the ALJ found that the plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms "are not entirely consistent with the medical evidence and other evidence in the record."  [Doc. 13-2 at 33].  Plaintiff contends that "[t]he ALJ may not discredit a claimant solely because his subjective complaints are not supported by medical evidence.  *Craig v. Chater*, 76 F.3d 585, 595–596 (4th Cir. 1996)." [Doc. 24 at 9].  However, *Craig* is inapplicable here; in *Craig*, the Court made the point that "once objective medical evidence establishes a condition which could reasonably be expected to cause pain of the severity a claimant alleges, those allegations may not be discredited simply because they are not confirmed by objective evidence of the severity of the pain, such as heat, swelling, redness, and effusion." 76 F.3d at 593 (4th Cir. 1996).  In contrast, the ALJ found that the statements were not consistent with the medical record; they were not discredited merely for lacking further confirmation.  Accoringly, this objection is overruled.

**<u>CONCLUSION</u>**

Upon careful review of the R&R, it is the opinion of this Court that the R&R [**Doc. 23**] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report.   Plaintiff's objections [**Doc. 24**] are hereby **OVERRULED**. Accordingly, Defendant's Motion for Summary Judgement [**Doc. 20**] is hereby **GRANTED** and this matter is hereby **DISMISSED WITH PREJUDICE**.   This Court further **ORDERS** that this matter be **STRICKEN** from the active docket of this Court and **DIRECTS** the Clerk to enter judgment in favor of defendant.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record herein.

**DATED**: January 22, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE